UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-05522-VAP (DFM) | Date: | July 6, 2020 |
|---|---|---|---|
| Title | Samuel Moreno v. Warden Kern Valley State Prison | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

| Proceedings: | (IN CHAMBERS) ORDER TO SHOW CAUSE RE TIMELINESS |
|---|---|

On June 24, 2020, Samuel Moreno ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. See Dkt. 3 ("Petition"). According to the Petition, Petitioner was convicted of willful, deliberate, and premeditated attempted murder and attempted second degree robbery, with enhancements, in 2009. See id. at 2. Petitioner was sentenced in 2012. See id. On appeal, the California Court of Appeal affirmed his conviction in July 2013. See id.; see also People v. Moreno, No. B241046, 2013 WL 3725161 (Cal. Ct. App. July 15, 2013). The California Supreme Court denied review on September 18, 2013. See Petition at 3. Petitioner did not file any state habeas petitions. See id.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A).

The California Supreme Court denied Petitioner's petition for review on September 18, 2013. Petitioner does not appear to have filed a petition for writ of certiorari in the United States Supreme Court. Thus, his conviction became final 90 days later, on December 17, 2013. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner had one year from the date his judgment became final, or until December 17, 2014, to file a timely habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Petitioner did not file the instant action until June 2020, over five years too late. The Petition is thus facially untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Petitioner offers two reasons to excuse his delay. First, he suggests he is entitled to equitable tolling because he was "unable to speak English." Petition at 9.

To be entitled to equitable tolling, the petitioner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented his timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)).

In limited circumstances, a petitioner's language difficulties may warrant equitable tolling. The Ninth Circuit has concluded that a "non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006). "[A] petitioner who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief." Id.

Here, Petitioner makes a vague and conclusory assertion that he cannot speak English. Petitioner must offer more in order to be entitled to equitable tolling. In his response to this OSC, Petitioner should produce evidence to support his claims that he cannot read, write, or speak English well enough, and that he was unable, despite diligent efforts, to obtain legal materials in his language and/or a translator during the running of the AEDPA time limitation. See, e.g., id. (remanding to district court for development of the record where petitioner filed 47 form declarations, each signed by a Spanish-speaking inmate, stating that the inmate did not have access to Spanish-language legal materials and that librarians and legal clerks did not speak Spanish).

Second, Petitioner claims he has made a showing of actual innocence that excuses his untimely filing. See Petition at 15.

"Actual innocence, if proved, serves as a gateway through which a petitioner" may avoid AEDPA's limitations bar. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "The petitioner must persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 329 (1995). The claim must be supported with "new reliable evidence" that was not presented at trial. Lee v. Lampert, 653 F.3d 929, 938 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Here, Petitioner merely states he is innocent based on a camcorder disk found at the crime scene and due to misidentification by the victim. This information is likely not new, and, in any event, does not come close to meeting the "exacting standard" to show this is an extraordinary case" in which it is probable that "reasonable, properly instructed jurors" would acquit him in light of the evidence. Id.

**Accordingly, Petitioner is ORDERED TO SHOW CAUSE in writing within twenty-eight (28) days of the service of this Order why the instant Petition should not be dismissed because it is time-barred. Petitioner should support any contention of equitable tolling and/or actual innocence with specific facts.**

**Petitioner is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.**